IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Cederick Wise, ) | Case No.: 6:21-cv-00164-JD-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Brian Kendall, Teisha Brown, Ann Shepard, ) | |
| Tamara Ravenell, Sherman L. Anderson, ) | |
| Bryan Stirling, John Doe 1, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Cederick Wise ("Wise" or "Plaintiff"), proceeding *pro se*, seeks damages and a permanent injunction based on alleged civil rights violations pursuant to 42 U.S.C. § 1983, stemming from an alleged miscalculation of his sentence. Plaintiff is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC").

Wise filed a Complaint against Defendants Brian Kendall ("Kendall"), Teisha Brown ("Brown"), Ann Shepard ("Shepard"), Tamara Ravenell ("Ravenell"), Sherman L. Anderson ("Anderson"), Bryan Stirling ("Stirling"), and John Doe 1 ("Doe") (collectively "Defendants") alleging violations of his First, Fifth, and Fourteenth Amendment rights. Plaintiff seeks *inter alia*

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

supervisory liability against the Defendants because they are responsible for the incorrect calculation of his sentence, which violates his due process rights. The Plaintiff alleges that when he arrived at Lieber Correctional Institution ("Lieber") he met with Ms. Ravenell, who indicated that Plaintiff's maxout date was August 21, 2022. (DE 9, pp. 15–17.) During that meeting, the Plaintiff showed Ravenell the paperwork regarding his sentence and informed her that she had mis-calculated his maxout date because it should be August 17, 2021. (DE 9, pp. 17–18.) Wise further alleges that SCDC is incorrectly indicating that he was sentenced to 30 (instead of 21) years for his kidnapping charge, which is affecting the calculation of his sentence. (DE 9, pp. 23–24.)

Wise's alleged injuries include trouble sleeping, weight loss, and mental anguish and psychological harm. (DE 9, p. 28.) Plaintiff seeks money damages totaling $800,000 as well as a permanent injunction requiring the Defendants to follow their oath of office and correct his maxout date. (DE 9, pp. 14, 28-29.)

On April 16, 2021, the Magistrate Judge issued a Report recommending that Plaintiff's claims be dismissed without prejudice and without issuance of service of process because to the extent Plaintiff challenges his sentence start date and/or sentence maxout date, such a request cannot be granted under a 42 U.S.C. § 1983 claim, and his claims for money damages are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Further, the Report recommends that this Court should abstain from exercising supplemental jurisdiction over Plaintiff's State law claims.

The Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without the issuance of service of process.

**IT IS SO ORDERED.**

s/Joseph Dawson, III<br>Joseph Dawson, III<br>United States District Judge

Greenville, South Carolina
August 4, 2021

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.